UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BETTY M. HEALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:05-CV-00386 |
| | ) | |
| ALLISON TRANSPORTATION SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a Supplement to Motion to Extend Discovery Deadline ("Supplement Motion") filed by Defendants on July 31, 2006, seeking an extension of the discovery period in order to subpoena certain information from Plaintiff Betty Healey's application for disability to the Social Security Administration. (Docket # 31.)  On August 3, 2006, the Court heard oral argument on the Supplement Motion and took it under advisement, allowing Defendants to file a reply brief to Healey's objection to the Supplement Motion.[1] (*See* Docket # 33-35.)

Now, after further consideration, the Court will GRANT the Supplement Motion for the reasons set forth herein.

### *A.  Factual and Procedural Background*

On November 2, 2005, Healey filed a Complaint against Defendants, seeking an award of damages for injuries she sustained in an automobile accident allegedly caused by the negligence

---

[1] As will be explained *infra*, at the hearing on August 3, 2006, the Court also heard oral argument on Defendants' initial Motion to Extend Discovery Deadline ("Initial Motion") (Docket # 27) and, as a result, granted Defendants a sixty-day extension to discovery for the sole purpose of locating and deposing a witness. (Docket # 34.)

of Defendants. (*See* Docket # 1.)  A scheduling conference was held on February 6, 2006, at which a discovery deadline of July 30, 2006, was established.[2] (Docket # 19.)

On July 21, 2006, Defendants deposed Healey, who confirmed that she had filed an application for, and had been awarded, disability benefits from the Social Security Administration. (Supplement Mot. ¶ 3.)

On July 27, 2006, Defendants filed the Initial Motion (Docket # 27), seeking an additional sixty days for discovery for the purpose of locating and deposing witness Gloria Banks.  On July 31, 2006, Defendants filed the Supplement Motion (Docket # 31), requesting that discovery *also* be extended for the purpose of subpoenaing certain information from Healey's application for disability benefits from the Social Security Administration.

On August 3, 2006, after hearing oral argument on the Initial Motion and Supplement Motion, the Court granted the Initial Motion, extending discovery to September 29, 2006, for the purpose of Defendants locating and deposing Banks. (Docket # 34.)  The Court, however, took the Supplement Motion under advisement, allowing Defendants to file a reply brief to Healey's objections to the Supplement Motion, which they did on August 7, 2006. (Docket # 34, 35.)

### B.  Applicable Legal Standard

"Continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *see also* Fed. R.

---

[2] Since the discovery deadline, July 30, 2006, fell on a Sunday, the discovery deadline was in effect July 31, 2006. *See* Fed. R. Civ. P. 6(a).

Civ. P. 16(b); *U.S. v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  The good cause standard focuses on the diligence of the party seeking the extension. *Tschantz*, 160 F.R.D. at 571; *Smith*, 1997 WL 662406 at *1.  In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Tschantz*, 160 F.R.D. at 571; *Smith*, 1997 WL 662406 at *1.

### *C. Analysis*

Here, Healey's objection to Defendants' requested extension of discovery is essentially two-fold: (1) that the request for an extension comes too late, given the original discovery deadline of July 30, 2006; and (2) that the information Defendants seek is not relevant, asserting that Healey's receipt of Social Security benefits constitutes inadmissable collateral source evidence under Indiana law. (*See* Supplement to Pl.'s Mem. in Opp'n to Defs.' Mot. to Extend Disc. Deadline ¶ 1.)  Healey's objections will be overruled, as Defendants have established good cause for their request for an extension.

First, Healey's assertion that Defendants' request for an extension comes too late falls short.  Healey never disclosed any records from physicians who examined her at the request of the Social Security Administration in response to Defendants' first request for production of documents dated March 30, 2006, which requested: "Any and all medical reports, hospital reports, physician letters or reports, diagnostic reports, and any other documentation describing all or any part of the physical injuries, medical conditions, diagnosis, or medical prognosis of the plaintiff arising out of the accident referred to in the complaint herein." (Defs.' Reply to Pl.'s Opp'n to Extension of Disc. Deadline for Purposes of Obtaining Social Security Rs. at 3, Ex. B ¶

3

1.)  While Defendants began to suspect that Healey had applied for disability benefits after reviewing her more recent medical records, Defendants did not confirm it until her deposition on July 21, 2006, and filed the Supplement Motion promptly thereafter.[3] (Defs.' Reply at 1-2.) Thus, Defendants have established good cause for their delay.

Second, while certainly Healey's *receipt* of disability benefits from the Social Security Administration would constitute inadmissable collateral source evidence, *see* Ind. Code § 34-44-1-2; *Knowles v. Murray*, 712 N.E.2d 1, 2-3 (Ind. Ct. App. 1999), Defendants are not seeking to discover whether or not Healey is receiving disability benefits.  Rather, Defendants wish to obtain the representations that Healey made concerning her physical and psychological limitations to the Social Security Administration during the application process, as well as the opinions of the physicians who examined her. (Supplement Mot. ¶ 3; Defs.' Reply at 2.)

To elaborate, Healey asserts in this action that she is unable to perform gainful employment as a result of the injuries she sustained in the accident which is the subject of this litigation and is seeking compensation for the loss of such income producing capacity. (Compl. ¶ 17.)  Defendants represent that Healey's "medical records have revealed that plaintiff has long suffered from lower back pain, a work related shoulder injury, arthritis, and a total knee replacement . . . [and that she] was also involved in a second auto accident in May, 2005 in which she was injured." (Defs.' Reply at 2.)  Thus, Defendants "wish to examine plaintiff's application for Social Security benefits and the reports of examination of the doctors appointed by the Social Security Administration to verify plaintiff's assertion that her disability results

---

[3] Moreover, Healey has not argued, nor does it appear, that she will be prejudiced if the discovery deadline is extended to allow Defendants the opportunity to obtain the requested information.

entirely from injuries in the accident which is the subject of this litigation." (Defs.' Reply at 2.)

Clearly, what Healey represented to the Social Security Administration in order to obtain disability benefits, as well as the opinions of the physicians who examined her in connection with the application process, constitutes material that is "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(B)(1); *see generally Evans v. Sisters of the Third Order of St. Francis*, 506 N.E.2d 965 (Ill. App. Ct. 1987), and Defendants have established good cause for their delay in requesting it.  Accordingly, Healey's objections will be overruled, and Defendants' Supplement Motion will be granted.

### *D.  Conclusion*

For the foregoing reasons, Defendants' Supplement to Motion to Extend Discovery Deadline (Docket # 31) is GRANTED; Defendants shall have through September 29, 2006, to subpoena and obtain the desired information from the Social Security Administration.

SO ORDERED.

Enter for this 9th day of August, 2006.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

5